# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
DAWSON, LAVECEIA ANN § Case No. 12-12888
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of           $

         Funds were disbursed in the following amounts:

         Payments made under an interim disbursement
         Administrative expenses
         Bank service fees
         Other payments to creditors
         Non-estate funds paid to 3rd Parties
         Exemptions paid to the debtor
         Other payments to the debtor

         Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                   . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $          , for a total compensation of $        $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $          , for total expenses of $        $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____    By:/s/STEVEN L. SPETH, TRUSTEE_____
                                                  Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

Case No: 12-12888 DS Judge: DALE L SOMERS

Case Name: DAWSON, LAVECEIA ANN

For Period Ending: 07/30/14

Trustee Name: STEVEN L. SPETH, TRUSTEE
Date Filed (f) or Converted (c): 10/19/12 (f)
341(a) Meeting Date: 11/20/12
Claims Bar Date: 05/28/13

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. HOME AT 2703 N MINNESOTA | 60,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 2. CASH ON HAND | 50.00 | 0.00 | | 0.00 | FA |
| 3. CHECKING ACCT | 50.00 | 0.00 | | 0.00 | FA |
| 4. FURNISHINGS | 500.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 5. CLOTHING | 150.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 6. JEWELRY | 20.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 7. LIFE INSURANCE | 0.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 8. 2006 CHEVY TRAILBLAZER | 8,000.00 | 0.00 | | 0.00 | FA |
| Debtor Claimed Exemption | | | | | |
| 9. 2008 FORD FOCUS | 6,000.00 | 0.00 | | 0.00 | FA |
| 10. ESTATE'S 79% SHARE OF 2012 TAX REFUNDS (u) | 7,132.12 | 7,132.12 | | 3,132.00 | FA |
| Debtor defaulted on balance due. Debtor ordered by Judge Somer to maintain regular monthly payments of $150 and pay balance due on receipt of 2014 tax refunds. Debtor failed or refused to make payments. Notice of Default and Order revoking discharge filed. Discharge revoked | | | | | |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)        $81,902.12        $7,132.12        $3,132.00        $0.00

(Total Dollar Amount in Column 6)

Case No:        12-12888      DS    Judge: DALE L SOMERS

Trustee Name:              STEVEN L. SPETH, TRUSTEE

Case Name:     DAWSON, LAVECEIA ANN

Date Filed (f) or Converted (c):    10/19/12 (f)

341(a) Meeting Date:        11/20/12

Claims Bar Date:            05/28/13

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:


TRUSTEE'S FINAL REPORT & NOTICE DRAFTED FOR REVIEW BY UST.  July 30, 2014 (DB)


Initial Projected Date of Final Report (TFR): 12/31/14        Current Projected Date of Final Report (TFR): 12/31/14

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 12-12888 -DS | Trustee Name: | STEVEN L. SPETH, TRUSTEE |
|---|---|---|---|
| Case Name: | DAWSON, LAVECEIA ANN | Bank Name: | BANK OF KANSAS CITY |
| | | Account Number / CD #: | *******3911  GENERAL CHECKING |
| Taxpayer ID No: | *******9369 | | |
| For Period Ending: | 07/30/14 | Blanket Bond (per case limit): | $ 25,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/16/13 | 10 | LAVECEIA ANN DAWSON | ESTATE'S SHARE OF TAX REFUND(S) | 1224-000 | 3,132.00 | | 3,132.00 |
| 04/30/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,122.00 |
| 05/31/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,112.00 |
| 06/28/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,102.00 |
| 07/31/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,092.00 |
| 08/30/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,082.00 |
| 09/30/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,072.00 |
| 10/31/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,062.00 |
| 11/29/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,052.00 |
| 12/31/13 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,042.00 |
| 01/31/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,032.00 |
| 02/28/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,022.00 |
| 03/31/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,012.00 |
| 04/30/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 3,002.00 |
| 05/30/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 2,992.00 |
| 06/30/14 | | BANK OF KANSAS CITY | BANK SERVICE FEE | 2600-000 | | 10.00 | 2,982.00 |

| | | | | |
|---|---|---|---|---|
| | COLUMN TOTALS | 3,132.00 | 150.00 | 2,982.00 |
| | Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 3,132.00 | 150.00 | |
| | Less:  Payments to Debtors | | 0.00 | |
| | Net | 3,132.00 | 150.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| GENERAL CHECKING - *******3911 | 3,132.00 | 150.00 | 2,982.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 3,132.00 | 150.00 | 2,982.00 |
| | ============ | ============ | ============ |

Page Subtotals    3,132.00    150.00

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: | 12-12888 -DS |
| Case Name: | DAWSON, LAVECEIA ANN |
| | |
| Taxpayer ID No: | *******9369 |
| For Period Ending: | 07/30/14 |

| | |
|---|---|
| Trustee Name: | STEVEN L. SPETH, TRUSTEE |
| Bank Name: | BANK OF KANSAS CITY |
| Account Number / CD #: | *******3911  GENERAL CHECKING |
| | |
| Blanket Bond (per case limit): | $ 25,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | Page Subtotals | 0.00 | 0.00 | |

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: July 30, 2014

Case Number: 12-12888
Debtor Name: DAWSON, LAVECEIA ANN
Claims Bar Date: 05/28/13

Claim Class Sequence

Joint Debtor:

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001 2700-00 | CLERK, U.S. BANKRUPTCY COURT 401 N MARKET RM 167 WICHITA KS 67202 | Administrative | | $293.00 | $0.00 | $293.00 |
| 000002 070 7100-00 | CAPITAL ONE BANK USA NA BY AMERICAN INFOSOURCE AS AGENT PO BOX 71083 CHARLOTTE NC 28272-1083 | Unsecured | Filed 03/15/13 | $1,788.40 | $0.00 | $1,788.40 |
| 000003 070 7100-00 | US DEPT OF EDUCATION CLAIMS FILING UNIT PO BOX 8973 MADISON WI 53708-8973 | Unsecured | Filed 04/12/13 | $1,738.64 | $0.00 | $1,738.64 |
| 000004 070 7100-00 | VIA CHRISTI HEALTH PO BOX 3870 WICHITA KS 67201-9771 | Unsecured | Filed 04/26/13 | $9,217.88 | $0.00 | $9,217.88 |
| 000005 070 7100-00 | UNITED CONSUMER FINANCIAL SERVICES BASS AND ASSOCIATES PC 3936 E FT LOWELL RD SUITE 200 TUCSON AZ 85712 | Unsecured | Filed 05/15/13 | $1,266.15 | $0.00 | $1,266.15 |
| 000006 070 7100-00 | PORTFOLIO RECOVERY ASSOCIATES LLC POB 41067 NORFOLK VA 23541 | Unsecured | Filed 05/23/13 | $1,657.74 | $0.00 | $1,657.74 |
| 000007 070 7100-00 | PORTFOLIO RECOVERY ASSOCIATES LLC POB 41067 NORFOLK VA 23541 | Unsecured | Filed 05/23/13 | $3,513.64 | $0.00 | $3,513.64 |
| 000001 050 4210-00 | CREDIT UNION OF AMERICA PO BOX 47528 WICHITA KS 67201 | Secured 3001.1d Notice filed | Filed 11/29/12 | $5,668.96 | $0.00 | $5,668.96 |
| | Case Totals: | | | $25,144.41 | $0.00 | $25,144.41 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

Case 12-12888    Doc# 37    Filed 08/20/14    Page 7 of 10

Printed: 07/30/14 02:42 PM    Ver: 18.00b

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-12888
Case Name: DAWSON, LAVECEIA ANN
Trustee Name: STEVEN L. SPETH, TRUSTEE

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001 | CREDIT UNION OF AMERICA | $ | $ | $ | $ |

Total to be paid to secured creditors        $_____

Remaining Balance                             $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: STEVEN L. SPETH, TRUSTEE | $ | $ | $ |
| Trustee Expenses: STEVEN L. SPETH, TRUSTEE | $ | $ | $ |
| Charges: CLERK, U.S. BANKRUPTCY COURT | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid _pro_ _rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | CAPITAL ONE BANK USA NA | $ | $ | $ |
| 000003 | US DEPT OF EDUCATION | $ | $ | $ |
| 000004 | VIA CHRISTI HEALTH | $ | $ | $ |
| 000005 | UNITED CONSUMER FINANCIAL SERVICES | $ | $ | $ |
| 000006 | PORTFOLIO RECOVERY ASSOCIATES LLC | $ | $ | $ |
| 000007 | PORTFOLIO RECOVERY ASSOCIATES LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE